MARY E. KRAUSE, Appellant, *v.* WILLIAM KRAUSE et al., Respondents.

28

Argued January 17, 1941; decided March 6, 1941.

*John S. Ryan* for appellant.

*Milton Rabow* and *Alfred L. Harrison* for William Krause et al., respondents.

*Richard W. Caudell* for Anna Severin, respondent.

LOUGHRAN, J. Gustav Krause and Mary Krause were married in July, 1932. He had then three adult children by an earlier marriage, William Krause, Albert Krause and Anna Severin. On December 20, 1935, he opened in the Buffalo Savings Bank an account in his name " as trustee for Anna Severin." On July 19, 1938, he executed two

warranty deeds, one to his son William and the other to his son Albert. Each deed conveyed to the grantee a parcel of real property, " Reserving, however, to the grantor, Gustav Krause, the use, the rents and the profits of the hereinbefore described premises for the remainder of his natural life." Both deeds were recorded on the day of their execution. Gustav Krause died on October 17, 1938. The balance in the account in the Buffalo Savings Bank was then $3,552.77.

Mary Krause, the widow of Gustav Krause, is the plaintiff in this action and his three children above named are the principal defendants. As the wife of Gustav Krause, plaintiff had an expectancy that at his death she might share as his surviving spouse in the distribution of his estate. (*Newman* v. *Dore*, 275 N. Y. 371.) The theory of this action is that this expectant interest of the plaintiff was unlawfully invaded by the above-described transfers which Gustav Krause made to the principal defendants. The trial court (an official referee) held with the plaintiff that these transfers were meant to be mere cloaks for transactions that at bottom were testamentary in character. The judgment of that court was that Gustav Krause had died seized or possessed of the property so dealt with by him and that the plaintiff had a one-third interest therein under the Decedent Estate Law (Cons. Laws, ch. 13).

On appeal by the principal defendants to the Appellate Division, this judgment was reversed and the plaintiff's complaint was dismissed. The Appellate Division made these new findings: " 1. That on or about the 19th day of July, 1938, the decedent executed two warranty deeds, one to each of his sons, William and Albert Krause, covering the two parcels of real estate described in the complaint herein, conveying thereby to each of them the fee absolute of the respective property described therein. 2. That the deceased Gustav Krause intended to and did make a gift to his daughter, Anna Severin, one of the defendants herein, of the sums of money deposited in the Buffalo Savings Bank." On this appeal by the plaintiff we have reviewed these findings of the Appellate Division.

Section 18 of the Decedent Estate Law provides: " Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section." The trial court made a finding as follows: " That heretofore and on July 19th, 1938, Gustav Krause executed a Last Will and Testament now on file in the Surrogate's Office of Erie County, New York, but unprobated, in which he devised and bequeathed all his property to his three children, defendants in this action, share and share alike, entirely ignoring his wife and failing to mention her name in said Will." This finding has not been challenged. The controversy has been presented to us on the assumption that the document which has been filed as the will of Gustav Krause is a properly executed testamentary instrument. For the purposes of this appeal, we adopt that assumption and accordingly take for granted that the plaintiff is *prima facie* warranted in invoking the policy of section 18 of the Decedent Estate Law.

In *Newman* v. *Dore* (*supra*) we said: " Since the law gives the wife only an expectant interest in the property of her husband which becomes part of his estate, and since the law does not restrict transfers of property by the husband during his life, it would seem that the only sound test of the validity of a challenged transfer is whether it is real or illusory. * * * The test has been formulated in different ways, but in most jurisdictions the test applied is essentially the test of whether the husband has in good faith divested himself of ownership of his property or has made an illusory transfer " (p. 379).

(1) *As to the warranty deeds in question:* Each of these two deeds was an outright conveyance of a fee subject to a life estate in the grantor-decedent. No power of revocation was contained in either instrument. Both instruments were recorded. The trial court found, however, that each

of these two deeds was made by Gustav Krause without consideration. These findings have been reversed but no new contrary finding has been made. The Appellate Division, we take it, was of opinion that whether the defendant-grantees had given any consideration to the grantor was a matter of no moment. We reach the same conclusion.

The transaction evidenced by either of these deeds was a real transaction in that thereby Gustav Krause divested himself of a major legal estate or interest in real property in accordance with the essential forms of law. (Real Prop. Law, art. 8; Cons. Laws, ch. 50.) We cannot find in section 18 of the Decedent Estate Law any suggestion that such a conveyance by a husband or wife was ever to be defeated by the other spouse merely on the score of its having been voluntary. Rules having to do with voluntary conveyances as frauds upon creditors have no bearing in this connection. In *Newman* v. *Dore* (*supra*) we approved a statement of the now relevant law which had been formulated by the Supreme Court of Pennsylvania in these words: " The good faith required of the donor or settlor in making a valid disposition of his property during life does not refer to the purpose to affect his wife but to the intent to divest himself of the ownership of the property. It is, therefore, apparent, that the fraudulent intent which will defeat the gift *inter vivos* cannot be predicated of the husband's intent to deprive the wife of her distributive share as widow."

It follows that the deed from Gustav Krause to the defendant William Krause and the deed from Gustav Krause to the defendant Albert Krause must stand.

(2) *As to the account in the Buffalo Savings Bank:* This account was opened December 20, 1935, by Gustav Krause in his name " as trustee for Anna Severin." No withdrawal was ever made thereon. We have noticed that at the death of Gustav Krause on October 17, 1938, the balance in the account was $3,552.77. Anna Severin (the defendant daughter of Gustav Krause by his former marriage) lives in

Germany. It does not appear that she was ever in this country. The sole evidence of the aim of the account is the form of the deposit. In these circumstances, we are to draw the inference " that the depositor intended to create a trust but intended to reserve power during his lifetime to deal with the deposit in any way he should choose." (1 Scott on the Law of Trusts, p. 358; *Matter of Totten,* 179 N. Y. 112.) The record does not suggest that this tentative trust was ever altered by the settlor to the advantage of the beneficiary. There was no foundation for a finding that Gustav Krause made a gift *inter vivos* to Anna Severin of the sums deposited by him in the Buffalo Savings Bank. She cannot claim to have had any real interest therein during his lifetime. (See Scott, *supra,* p. 360.)

In respect of that transaction, the trial court made the finding " that said settlement or transfer was an illusory settlement or transfer." This finding was reversed by the Appellate Division. We think the trial court was right on this branch of the case and that its finding should be reinstated. (*Newman* v. *Dore, supra.*)

The ultimate conclusion of the trial court — that the plaintiff had a one-third interest in this bank account — was not called for. Any determination of the extent of the plaintiff's interest in the estate of Gustav Krause should have awaited probate of his will.

The judgment of the Appellate Division should be modified in accordance with this opinion and the matter remitted to the Special Term for further proceedings, without costs to any party.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.