In the Matter of the Estate of HENRY P. WRONE, Deceased.

Surrogate's Court, New York County, October 25, 1941.

*Kevie Frankel* [*Kevie Frankel* and *Clarence S. Barasch* of counsel], for the petitioner.

*Leon Forst*, for Emma H. Howley, respondent.

*Henry Parker*, for Randall I. Berman, respondent.

*Pfeiffer & Crames*, for Rebecca Mateles, respondent.

FOLEY, S. In this discovery proceeding the administratrix sought to obtain the delivery from the respondent Howley of (1) certain shares of stock in the corporation, Wrone & Wrone, Inc., admittedly owned at one time by the decedent, and (2) the decedent's right, title and interest in and to the retail jewelry business operated by that corporation.

The decedent had been engaged in that business for a long period of years. Except for temporary transfers not material here, all of the stock of the corporation was owned by him and registered in his name for some time prior to September 7, 1940. On that day the decedent executed the first affirmative act in his plan to make a gift of all of the stock of the corporation to Mrs. Howley. For that purpose he signed the indorsement on the certificate for the total capital stock of fifty shares which then stood in his own name. The name of the proposed donee, Mrs. Howley, was written into the indorsement pursuant to his directions. The old certificate was surrendered and thereupon a new certificate for the fifty shares was made out in the name of Mrs. Howley. It was dated September 7, 1940. A little over a month later and on October 18, 1940, he consummated the gift by personally turning over this certificate to the respondent. At the time he was in normal health for a man of his years. He was actively engaged in business and so continued until a few days before his death on June 2, 1941. The decedent had boarded with the family of the respondent for many years and it is undisputed that she and her sister had advanced moneys and loaned securities to assist him in his financial operations. He and his wife, the administratrix, had been separated for several years prior to the transaction and until the time of his death.

The evidence conclusively establishes that the decedent made a valid and absolute gift to the respondent of the stock. The essential elements of a valid gift — intent and delivery — have been clearly and convincingly shown. (*Matter of Brady*, 228 App. Div. 56; affd., 254 N. Y. 590; *Matter of Brown*, 252 id. 366; *Miller* v. *Silverman*, 247 id. 447; *Daley* v. *Michael*, 239 id. 138.) The testimony of the attorney who supervised the transactions and that of the respondent is strongly supported by the documentary proofs. The original certificate, which was the subject of the gift, was turned in and three new certificates for subordinate parts of the total number of shares were issued. The latter certificates were the

subject of valid agreements which fixed the rights of the respondent and of other persons in these shares of stock. Mrs. Howley received a certificate for twenty-five shares which she agreed to place in escrow with a right to receive any dividends which accrued upon them during her life. Upon her death the stock is to become the property of the decedent's sister. Certain other shares were transferred by Mrs. Howley to Randall I. Berman who is the respondent in a companion proceeding decided simultaneously herewith (p. 544). He had been an employee of the decedent's corporation for a long period of time. The remaining shares were retained by Mrs. Howley subject to an option to purchase by Mr. Berman. The transfers to him were made to enlist his continued activity in the business conducted by the corporation.

It has been further claimed by the administratrix that the transfers were illusory and ineffective as against her intestate rights as widow. The evidence completely refutes that claim. The decedent by his gift stripped himself of all dominion and control over the stock formerly owned by him. He divested himself of title and ownership. In this respect the transfer is similar to a conveyance of real property considered by Judge LOUGHRAN in *Krause* v. *Krause* (285 N. Y. 27). There the husband by two deeds made outright conveyances of the fee of the two properties to each of his sons respectively, subject to a legal life estate in the grantor. There, as here, it was claimed that the expectant interest of the wife was unlawfully invaded by the transfers which the husband had made. In the *Krause* case (*supra*) the decedent died testate and the claim of the wife was based upon the exercise of her right of election to take against the will granted by section 18 of the Decedent Estate Law. The intent of the husband to deprive the wife of her distributive share as widow was immaterial. The test was whether the husband " has in good faith divested himself of ownership of his property or has made an illusory transfer." (*Newman* v. *Dore*, 275 N. Y. 371.) The conveyances of the realty to the sons were sustained because the husband had divested himself of a major legal estate in the properties.

A similar result was reached in *Caldwell* v. *Caldwell* (259 App. Div. 845; affd., 285 N. Y. 655), where the husband made gifts of cash to his daughter. The decision of the Appellate Division held: " The finding that the gifts ' were made solely for the purpose of depriving the plaintiff of her personal right of election, pursuant to the Decedent Estate Law,' requires the conclusion that the transfers were valid, since there is no evidence that the gifts were illusory only."

In the present estate the decedent died intestate and any question of the right of election of the wife under section 18 of the Decedent Estate Law is, therefore, excluded by the facts.

Aside from the difference in the nature of the property transferred, the general situation is similar to that considered by Mr. Justice UNTERMYER in the majority opinion in *Murray* v. *Brooklyn Savings Bank* (258 App. Div. 132). It was there held that transfers made in the lifetime of the decedent for the benefit of other persons were immune from the attack of the widow because the decedent had left no will. Here the situation is even stronger because of the absolute nature of the transfer of the stock which, as shown under the authorities cited previously in this decision even in cases of testacy, were valid conveyances as against the widow. Mr. Wrone, the decedent here, made a complete surrender of title by his valid gift to the respondent. The transfer was in no way illusory in character.

Submit decree on notice dismissing the proceeding upon the merits and determining that the administratrix is not entitled to the delivery of the stock in question or to any other property from the respondent.

In this discovery proceeding the administratrix seeks to recover certain stock from the respondent Berman. He acquired the shares of stock in question from Emma H. Howley who had previously acquired them by a valid gift from the decedent.

The surrogate finds upon the evidence that the shares of stock are the property of the respondent and that the administratrix is not entitled to delivery of them or of any other property from the respondent. The reasons stated and the authorities cited in my decision in the separate discovery proceeding brought against Emma H. Howley, published simultaneously herewith, (p. 541) compel a similar conclusion.

This discovery proceeding is dismissed upon the merits.

Submit decree on notice accordingly.