Van Voorhis, J.
Prior to his death on January 23, 1948, the late Henry Halpern established four bank accounts designated as being “ in Trust for Sandra Jean Siegel ” who was his grandchild. The legal relationship arising from deposits in that form has been defined by the Court of Appeals as follows: “ A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or *527 declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor. ’ ’ (Matter of Totten, 179 N. Y. 112, 125-126.)
In this instance, the decedent did not deliver the passbooks or notice of completion of these gifts to the beneficiary, nor did he disaffirm or revoke these Totten' trusts. He left a widow, Bernice Halpern, and three children, besides his granddaughter-beneficiary Sandra Jean Siegel, and two other grandchildren. His gross estate amounted to $3,290.94, aside from these four Totten trusts. His last will and testament, executed January 5, 1939, gave everything to his widow, Bernice Halpern, from whom he became separated in 1946, and who has instituted and successfully maintained this proceeding as executrix to determine that these trust accounts belong entirely to his estate. They were opened in 1946 or afterward.
The Surrogate has held these Totten trust accounts to have been illusory transfers by decedent in his lifetime (citing Newman v. Dore, 275 N. Y. 371; Krause v. Krause, 285 N. Y. 27, and Burns v. Turnbull, 294 N. Y. 889), and has determined that their proceeds belong entirely to bis estate, and pass wholly to his ' widow under the will which he made before they were estranged.
The facts of this case require an analysis of the decisions cited by the Surrogate, in the light of section 18 of the Decedent Estate Law and of the nature of Totten trust accounts.
The leading case is Newman v. Dore (275 N. Y. 371, supra), wherein a testator had sought to diminish the statutory expectancy of his wife by creating an inter vivos trust from which he reserved the income to himself, along with broad powers to dispose of principal. The Court of Appeals stated that the test is not alone that an inter vivos gift has diminished what would otherwise have become the intestate share of the surviving spouse, but that the crucial question was whether the transfer made by the husband in that case during his lifetime was real or illusory.' ' The facts therein resulted in the following conclusion (p. 381): “ Judged by the substance, not by the form, the testatpr’s conveyance is illusory, intended only as a mask for the effective retention by the settlor of the property which in form he had conveyed. We do not attempt now to formulate any general test of how far a settlor must divest himself of his interest in the trust property to render the conveyance more than illusory.”
*528 Krause v. Krause (285 N. Y. 27, supra), like the present case, involved a Totten trust account. The Appellate Division was held to have erred in reversing a determination by the trial court that such a transfer was illusory, notwithstanding that the sole evidence of decedent’s intent was the form of the deposit. It was held from the nature of a Totten trust that the depositor intended tó reserve power during his lifetime to deal with the proceeds of the account in any manner that he might choose. Inasmuch as a determination of the extent of the widow’s interest in the estate of her deceased husband was postponed until the probate of his will, it may be inferred that the question was not passed upon whether the validity of the Totten trust should be upheld except to the extent that it diminished the share which the widow would be entitled to take under section 18 of the Decedent Estate Law.
In Burns v. Turnbull (294 N. Y. 889), a judgment was affirmed which- cancelled an alleged trust agreement, and directed the trustees to deliver all of the trust funds to plaintiff as administratrix. The trustees had contended that if the trust were held to be illusory, it should be so held only to the extent of the widow’s rights in the estate, but there the trust was so flimsy that it was evidently regarded as having been void for all purposes except to constitute the trustees agents of the settlor. (Cf. Newman v. Dore, supra, p. 380, citing Restatement of the Law of Trusts, § 57, subd. 2.) The case involved no Totten trust, which is sui generis and a recognized method of disposing of assets as a substitute for testamentary disposition.
In the instant case, we are confronted by the circumstance that Matter of Totten (179 N. Y. 112, supra) has not been overruled, but has been followed in a succession of decisions too numerous to mention; we are confronted also by the rival consideration that in Krause v. Krause (285 N. Y. 27, supra) it was held, at least insofar as the widow’s intestate share is affected, that a Totten trust is an illusory transfer. It is necessary to reconcile these interpretations of the law. The Surrogate has done so on the theory that the Newman and Krause cases require a determination that a Totten trust is wholly void if it results in an infringement of the widow’s share under sections 18 and 83 of the Decedent Estate Law, regardless of how the rights of others are affected, and that all of the proceeds are to be administered as part of the decedent’s estate notwithstanding that it is unnecessary to destroy the whole of these Totten trusts in order to enable the widow to receive as *529 much as she is guaranteed by these statutory provisions. Besides his widow, in this case, decedent left three children and three grandchildren. If he had not left a widow, he would have had the right to dispose of these bank accounts by Totten trusts, as he evidently desired to do, to one favored grandchild. Does Krause v. Krause require that his intention to prefer Sandra Jean Siegel over the other natural objects of his bounty must be defeated to an extent greater than necessary in order to give to the widow the proportion of his estate which is secured to her by sections 18 and 83 of the Decedent Estate Law? The children of a deceased parent have not been granted any expectant interest like that granted to the surviving spouse under sections 18 and 83 of the Decedent Estate Law. It seems to us that the decree cannot be affirmed without overruling Matter of Totten, which, whether based primarily on logic or experience, has become a landmark in the law by which many transactions have been guided.
Although in Newman v. Dore a judgment was affirmed which directed that the trust assets be delivered to the executors, to be disposed of under the will, it did not involve a Totten trust, and, moreover, the executors and trustees were the same persons and the will disposed of the decedent’s estate in virtually the same manner as the trust agreement, except that instead of receiving nothing the widow had a testamentary gift of the minimum allowed by section 18 of the Decedent Estate Law, viz., the income for life from one third of the estate. Except for the widow’s interest, it could not have been particularly important whether the decedent’s property went to its destination under the will or under the trust agreement. For present purposes, it is not necessary to go beyond the situation of a Totten trust. As is evident from the decisions, this is a type of arrangement which does not fit conveniently into established legal categories, but has been upheld on account of the advantages arising from the simplicity and practical certainty of disposing of money by making bank deposits in this form. It is employed by many people especially of moderate means. Even if it were necessary to set aside in their entirety transfers of real estate or other types of transfer of personal property (which we do not decide), there appears to be no practical necessity for vacating Totten trust accounts to a greater extent than to enable a surviving spouse to receive the amount guaranteed by sections 18 and 83 of the Decedent Estate Law, computed as though such bank deposits formed part of the decedent’s estate. *530 Being in the form of money in the bank, it is readily possible to segregate enough of the proceeds to allow the widow to receive the equivalent of her intestate share, without otherwise disturbing the selection made by decedent among the possible objects of his bounty. In Newman v. Dore the transfer was set aside as “ an unlawful invasion of the expectant interest of the wife ” (p. 381), which bears some analogy to transfers in fraud of creditors, where any surplus over debts to creditors has been held to belong to the grantee (Wood v. Hunt, 38 Barb. 302, 311; Welch v. Tobias, 43 Hun 640, opinion reported in 7 N. Y. St. Rep. 297). The favor shown by decedent to this particular grandchild over his other children and grandchildren, has no relation to any design upon his part to escape giving to his wife what the law required, and, after she has been provided with her full statutory share, it is not necessary to interfere with his distribution among his widow and relatives by a means which (except insofar as the rights of the widow are violated) possesses the sanction of law.
Appellant contends that the widow in this case, Bernice Halpern, is entitled to no relief for the reason that she did not elect within the six months limited after probate in which to take her share as in intestacy. There was no occasion for her to elect to take against this will, however, which gave to her all of decedent’s estate. It may «be noted, although the point was not raised in that case, that the widow did not elect under section 18 in Newman v. Dore, although two years had elapsed since the probate of her husband’s will. Although that will did not, as here, give to her the entire estate, she could not have elected under section 18 to take against the will inasmuch as she was to receive the life income from one third of the estate. In cases of this nature, no election can be made under section 18 of the Decedent Estate Law. The provisions of the will determine whether an election can be made, but even where the will gives the widow enough to prevent an election under section 18, the decedent cannot, by ‘1 illusory ’ ’ transfers in his lifetime, prevent her from receiving the equivalent of what sections 18 and 83 provide. Our decision in this case is limited to holding that where a Totten trust is involved, a decedent’s estate is to be administered in such manner that the surviving spouse receives what he or she would have been guaranteed by sections 18 and 83 of the Decedent Estate Law (if the Totten trust accounts had belonged entirely to the decedent at the time of his death)) but without increasing his or her' share beyond the amount thus secured by statute, and without augmenting the *531 shares of other beneficiaries or distributees. We do not imply that Totten trusts may he good against claims of creditors of a decedent.
The decree appealed from should he modified so as to determine the four Totten trusts established by decedent to be illusory to the extent that they encroach upon the widow’s share in decedent’s estate under sections 18 and 83 of the Decedent Estate Law, but so as to sustain them with respect to what remains after the widow shall have received under the will the equivalent of the share provided for her by those sections, computed as though the balances in said accounts at the time of decedent’s death had been part of his estate. Costs to all parties payable out of the estate. Settle order-.
Peck, P. J., Glennon, Callahan and Shientag, JJ., concur.
Decree unanimously modified in accordance with opinion herein and, as so modified, affirmed, with costs to all parties payable out of the estate. Settle order on notice.