(October 22, 1951.)

In the Matter of the Estate of JACOB FREISTADT, Deceased. ESTHER F. BURKES et al., Appellants; MINNIE FREISTADT, Respondent.—

Present — Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ. Motion for reargument granted, without costs, and on such reargument, order of this court dated June 18, 1951, vacated. The decision of this court, dated June 18, 1951 (278 App. Div. 962) is amended to read as follows: In a proceeding, pursuant to section 206-a of the Surrogate's Court Act, decree of the Surrogate's Court, Queens County, directing the executor-appellant and the petitioner-appellant to pay to respondent a sum equal to one third of amounts deposited in various bank accounts, with interest, and directing that after

such payment the executor-appellant deliver to petitioner-appellant the bankbooks in his possession, reversed on the law, with costs to petitioner-appellant and executor-appellant, payable out of the estate, and the proceeding remitted to the Surrogate's Court, Queens County, for such further proceedings and hearings thereon as may be necessary and proper, and not inconsistent herewith. The learned Surrogate decided, on the evidence adduced in behalf of the petitioner-appellant, that the trusts involved in this proceeding were illusory and consequently ineffective as against respondent, who had filed a notice of election under section 18 of the Decedent Estate Law. The Surrogate's determination appears to have been made upon his conclusion, from such evidence, that the decedent had not established irrevocable trusts, but had created trusts which were merely tentative and which had not been made absolute by any act of the decedent during his lifetime, and his opinion cites *Krause* v. *Krause* (285 N. Y. 27) and *Newman* v. *Dore* (275 N. Y. 371). On consideration of the later determination by the Court of Appeals in *Matter of Halpern* (303 N. Y. 33 [decided July 11, 1951]), we are of the opinion that the facts found by the Surrogate do not support his conclusion that the trusts created were "illusory and ineffective against the widow." The opinion of the Surrogate stated, in view of his conclusion based on petitioner's evidence, that the trusts were illusory, that he found it unnecessary to pass upon the remaining issues raised by respondent. We understand this statement to mean that in coming to his conclusion he did not evaluate evidence received in behalf of respondent or decide any issue of fact which may have resulted therefrom. Consequently, upon the present record it is impossible to decide such issues, the determination of which must depend upon the credibility of the testimony received. Although the decree must be reversed, substantial justice requires that the matter be remitted to the Surrogate's Court, to decide, upon the evaluation of all the testimony, whether the trusts created by decedent were valid, or were illusory and void. Petitioner-appellant has asserted that she has evidence available which was not offered upon the hearings before the Surrogate, tending to impeach the witnesses who testified in respondent's behalf. It is our opinion that the question presented should be decided upon consideration of all the evidence and that on the remission of this proceeding to the Surrogate such further hearings should be held as may be necessary to permit any party hereto to offer such evidence bearing on the issues as may then be available. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.