RAYMOND C. GILLETTE, Respondent, *v.* GRACE B. MADDEN, Appellant.

Third Department, May 7, 1952.

*James E. Brearton* for appellant.

*Thomas C. McCabe* and *W. Joseph Shanley* for respondent.

BERGAN, J. We deal with the sufficiency of a complaint and accordingly we must accept as entirely true for our purposes the following facts: that the plaintiff's wife died December 15, 1950; that before August 9, 1950, she had owned a parcel of real property in Troy which on that date she conveyed without consideration to the defendant by warranty deed, executed in due form; that the wife continued to exercise '' full dominion and control '' over the property after the conveyance; that the

conveyance was intended to take effect on the death of the wife and to deprive the plaintiff of the interest he would have had in her estate.

From this it is pleaded that the transfer was illusory and ineffective against the husband's rights in the estate. The court at Special Term has denied defendant's motion to dismiss for insufficiency.

The New York rule on the effect of a transfer of real property which would by depletion of an estate defeat the statutory rights of a surviving husband or wife finds its development in two main cases: *Newman* v. *Dore* (275 N. Y. 371 [1937]) and *Krause* v. *Krause* (285 N. Y. 27 [1941]).

What these cases decided may be summarized by saying this about them: A married person has the right to make any disposition of his property he chooses even though he is motivated by a purpose to destroy an estate to which the survivor of the marriage might make claim under statute law.

A purpose to defeat such a right by divestiture of the estate is not treated as a fraud invalidating the transfer. This much of public policy, noticeable though it is in some other jurisdictions, seems to be disavowed in New York. (*Newman* v. *Dore, supra,* pp. 378, 379, 380.)

But if he does not in fact rid himself of his property; if he keeps actual control of it even though he has gone through formalism and ceremony, by language, deed, and act of conveyance, the transfer is illusory and ineffective to defeat the statutory right of the surviving spouse.

The question that must find an answer in every such case is whether the conveyance is form or substance; real or illusory, and it may become a very narrow factual issue. The trust arrangement in which the settlor seemed by the very language he used to retain full power over what he had formally given in the instrument of trust was held illusory in *Newman* v. *Dore* (*supra*); but in *Krause* v. *Krause* (*supra*) deeds to two sons executed and recorded three months before the grantor's death and conveying the fee subject to grantor's life estate, but without any power of revocation were held valid (pp. 31–32).

In *Newman* v. *Dore* (*supra*) the court addressed itself to an instrument by which the decedent, although he had established a trust by conveying real and personal property, had retained the right to the income and the right to revoke the trust during his lifetime. The powers of the trustees were expressly stated to be made " subject to the settlor's control during his life." (p. 377). It could be seen, therefore, from the face of the

instrument itself that an owner's dominion over the property continued. This was unlike *Krause* v. *Krause* (*supra*) where no such retention of power appeared on the face of the deeds.

The fact that decision was against the validity of the transfer in the first case and in favor of its validity in the second does not mean that the test for illusory transfers is always or necessarily the language used. If it were, all that would be needed would be to put together the right words to say the thing and the rule against illusory transfers would dangle on a formalism. Words will usually be found for an instrument of this sort good enough for the purpose at hand.

If the fact is that no actual change of title until death came was intended, and full control continued to be exercised by the grantor over the property conveyed, we have no doubt that a court could find such a transfer illusory and invalid as against the rights of a surviving husband or wife. Here the complaint pleads all in that direction that is needed.

A new and comprehensive discussion of the development of the doctrine through *Newman* v. *Dore* and *Krause* v. *Krause* (*supra*) is given in Penney on Illusory Transfers in New York (37 Corn. L. Q. 258). The doctrine announced in *Matter of Halpern* (303 N. Y. 33 [1951]) applies to Totten trusts and not to conveyances of real property.

The order should be affirmed, with $10 costs and disbursements.

FOSTER, P. J., HEFFERNAN, BREWSTER and COON, JJ., concur.

Order affirmed, with $10 costs and disbursements.