In the Matter of the Estate of ISABEL KILGALLEN, Deceased.

Surrogate's Court, Kings County, June 26, 1953.

*Edward H. Freiberger* and *Charles Wilson* for Frank M. Kilgallen, as administrator of the estate of Isabel Kilgallen, deceased, petitioner.

*Twohy & Kelleher* for Emma Feudner and another, respondents.

RUBENSTEIN, S. In this discovery proceeding petitioner seeks to recover the proceeds of several bank accounts, stock certificates, an automobile, a parcel of real property, jewelry and other articles of personalty conveyed, transferred and delivered by the decedent to her mother and sister, who are the respondents herein. The respondents answered the petition asserting title to the property described in the petition by gift from decedent and the issues thus raised were tried by the court.

The proof established that on August 9, 1952, at decedent's request an attorney called to see her at her sister's home where she was staying. The attorney was a neighbor of decedent's sister and had at some prior time attended to some matters for decedent's mother. In the presence of several persons the decedent expressed an intention to dispose of all her property without leaving her husband any share of her estate. The attorney advised her that if she made a will cutting off her husband the latter would have a right of election under section 18 of the Decedent Estate Law and that her purpose could be accomplished only by making outright gifts, without reservation or condition, of all her property. In the course of the conversation the attorney ascertained, upon questioning decedent that she owned real property, stocks, several bank accounts, and an automobile. Decedent then said, " Here is a deed to the Suffolk property, you prepare a deed conveying same to my mother and sister and bring it back to me and I will sign it." Decedent further inquired as to how the gift of her bank accounts

could be completed and she was told to draw a check or withdrawal vouchers and deliver them to the proposed donee. On the 11th day of August, 1952, at about 8:00 P.M. the attorney returned with the deed and decedent executed the same in the presence of the attorney and others and at the same time, signed a bill of sale of all chattels in the Suffolk property. The bill of sale was handed by decedent to her sister.

At that time decedent's sister had in her possession checks from the various banks in which decedent had maintained accounts. It appears from the proof that some time on August 11, 1952, deceased's sister had presented to each of said banking institutions the bank books together with withdrawal vouchers authorizing the banks to pay the full amount of the accounts to the sister who obtained checks payable to her order for the amounts on deposit and accrued interest. On August 11, 1952 decedent also signed an authorization to Spencer Trask Company, where she was employed, authorizing it to transfer all her stocks to her sister. Decedent executed individual powers for the separate corporations and the transfer of stock was all completed on August 13th, except one which was completed out of town on August 18th. An automobile was likewise transferred to decedent's sister. The attorney was a notary public and took decedent's acknowledgment of the execution of automobile owner's certificate and transfer of the automobile was completed about August 13th and the insurance covering it was later indorsed to indicate the new ownership.

Decedent died intestate on August 20, 1952. Her husband who is the petitioner herein, contends that the gifts were made " *causa mortis* " with the purpose of defeating his expectant right to share in decedent's estate pursuant to section 18 and section 83 of the Decedent Estate Law; that the gifts were testamentary in nature and are illusory and that the respondents acquired decedent's property by fraud and undue influence. The proofs adduced fail to support petitioner's claims.

Decedent had been ill for a little more than a year when her condition became acute, necessitating treatment in a hospital which she entered on July 7, 1952. She was discharged from the hospital on July 23, 1952, and went to stay at her sister's house in Laurelton, Long Island. The doctors who treated decedent at the hospital and a local physician who visited and treated decedent on August 8, 1952, gave her a life expectancy of at least three and one-half years. In April, 1952, decedent purchased the Suffolk County property so that she might spend her summer vacations there. There is no evidence that at the

time decedent disposed of her property she expected to die shortly thereafter. On the contrary she stated to the doctors that her condition was cured and she could not understand why she did not get better more rapidly.

Decedent had been employed for over thirty-five years and accumulated her property by savings from her earnings. On various occasions she made declarations that her husband was not to have any of her property. There is not the slightest proof of fraud or undue influence. The facts do not justify holding either that the transfers were made in contemplation of death, or to take effect after death. (*Matter of Mahlstedt,* 67 App. Div. 176.) A binding " *inter vivos* " gift may be made although the donor is suffering from a last illness from which he dies (*Newell* v. *National Bank of Norwich,* 214 App. Div. 331, 332), and such a gift need not be proved beyond all suspicion (*Lewis* v. *Merritt,* 113 N. Y. 386, 390). The transfers of the property made by decedent were unconditional without reservation or power of revocation, thus there was nothing illusory about them.

The expectant rights of a surviving spouse to share in a decedent's estate may be cut off by a valid gift. A purpose to defeat such a right by decedent's divestiture of all her property is not deemed a fraud invalidating the transfer as long as the transfers are absolute. (*Krause* v. *Krause,* 285 N. Y. 27, 31; *Radecki* v. *Radecki,* 279 App. Div. 1137; *Gillette* v. *Madden,* 280 App. Div. 161, 162.)

Accordingly the court determines that decedent validly transferred all of her personal property in question and conferred good title thereto upon the respondents. The title to the real property is not a matter for determination in a discovery proceeding. The proceeding is, therefore, dismissed.

Submit decree, on notice, accordingly.