CHARLES E. THOMAS, Respondent, *v.* LENA M. LOUIS, Appellant.

Third Department, November 18, 1954.

*John J. Scully* for appellant.

*Joseph J. Casey* for respondent.

Coon, J.   Plaintiff's wife, Marguerite Thomas, the owner of a parcel of residential property in the city of Albany, executed a warranty deed of the premises to her sister, the defendant, on July 21, 1939.  The deed was the ordinary form of warranty deed, containing no reservations or exceptions, and recited that it was " without monetary consideration," and was subject to a mortgage of $2,000.  The deed was delivered to the defendant on that day and she promptly placed it in her bank safe-deposit box, where it remained until some six hours after the death of the grantor on December 7, 1951, when defendant removed it, as soon as the bank was open, and recorded it in the County Clerk's office.  The plaintiff had no knowledge of these transactions or that defendant claimed any title or interest in the property until after the death of his wife, the grantor.

The plaintiff and Marguerite Thomas, the grantor, were married in 1922, were voluntarily separated from about 1933 to about 1940, when they resumed their marital relationship, and lived together as occupants of the premises here involved until the death of the wife in 1951.  During this period of nearly twelve years the plaintiff and his wife exercised full dominion and control over the premises without exception.  One or the other, or both, paid all mortgage installments, taxes, insurance premiums and repairs.  Substantial capital improvements to the property were made by them.  The insurance remained in the name of plaintiff's wife.  The bank which held the mortgage executed by plaintiff's wife received no notice of any change, or purported change, of ownership until after the death of plaintiff's wife.  The defendant at no time prior to the death of the grantor exercised any control over the property or asserted or indicated any authority whatever in connection therewith.

While the grantor had a perfect right to sell or give away her property during her lifetime, despite her husband's expectant interest therein under section 18 of the Decedent Estate Law, the transfer must be real, not illusory — a conveyance in substance as well as form.  (*Newman* v. *Dore,* 275 N. Y. 371; *Krause* v. *Krause,* 285 N. Y. 27; *Gillette* v. *Madden,* 280 App. Div. 161.) We need look no further than these three cases for statements of the law, and, applying the principles there found to the facts in this case, there appears to be here a classical example of an illu-

sory conveyance. On the one side is only the hollow form and ceremony of a conveyance, while on the other is the retention of complete and absolute control and recorded title, and the conclusion is inescapable from the record that the purported transfer was, by agreement of the parties, to be completely ineffectual until after the death of the grantor, and subject to recall or revocation until then.

Appellant relies upon *Krause* v. *Krause* (*supra*) asserting that it is identical with the case at bar. There are important distinctions. In the *Krause* case the grantor expressly reserved a life use of the premises in the deeds and the deeds were promptly recorded. There could be no possibility of revocation, other effective conveyance or assumption of control beyond that expressly reserved. The grantor had immediately, openly and irrevocably divested himself of all title except the use reserved in the conveyance attacked. Here the acts, conduct and orally expressed intentions of the parties demonstrate that the grantor parted with nothing, and intended to part with nothing until her death.

It should be noted here that the record clearly establishes that the deed to defendant was executed for the expressed purpose of defeating any claim of the husband, as surviving spouse, to an interest in the property. Such a motive or intent alone does not invalidate the transfer. Neither does the intention or wish of the parties, with respect to the interest of a surviving spouse, validate the transfer. Such factor is important only for its evidentiary value in determining whether the transfer was real and actual, resulting in an intended immediate relinquishment by the grantor of the ownership purposed to be conveyed. The trial court correctly decided on the facts established here that the transfer was illusory.

The judgment should be affirmed, with costs.

BERGAN, HALPERN and IMRIE, JJ., concur.

Judgment affirmed, with costs and the order herein should refer to the opinion of this court.