John L. Flynn, J.
This is an action brought by the plaintiff pursuant to section 19 of the Personal Property Law and article 10 of the Debtor and Creditor Law to set aside a Totten trust created by the decedent, Leopold Bergmann, during his lifetime for his grandson, Joseph Bergmann, the infant defendant herein on the ground that it constituted a fraud on the plaintiff, the decedent’s widow.
The complaint sets forth three causes of action, all founded on the claim that the trust worked a fraud on the plaintiff because she had been unable to collect alleged unpaid alimony from the defendant.
It appears that the decedent, Leopold Bergmann, who died on March 20, 1956, had deposited with the defendant, the Bronx Savings Bank, on September 18, 1953, in his name in trust for the infant defendant, Joseph Bergmann, his grandson, the sum of $2,008 and that he retained possession of the bankbook, never having delivered it to the infant defendant. The *191 plaintiff who was the lawful wife and now the widow of the decedent has been appointed the administratrix of his estate. She had on September 2, 1934, commenced an action for a separation against her husband on the ground of abandonment and an order awarding her temporary alimony in the sum of $7.50 a week was entered in the Supreme Court, Westchester County. On September 23, 1935, her husband was adjudged in contempt of this order and fined the sum of $345 and by reason of said orders became indebted to the plaintiff in the sum of $7,215 with interest from the due dates. On March 18, 1953, judgment was entered granting plaintiff a separation and awarding her $5 per week alimony and by reason thereof the decedent became indebted to the plaintiff in the sum of $780 with interest from the due dates. In her third cause of action the plaintiff alleges that by reason of the abandonment she was required to expend $25 per week for necessaries from January 10, 1932 to March 20, 1956, and that therefore the decedent became indebted to her, with interest, for the sum of $31,200.
The plaintiff’s contention that the alleged Totten trust is illusory is not supported by the proof before the court. Totten trusts if real and not merely colorable are valid transfers with legally fixed effects. The test of the validity of a challenged transfer is whether the deceased in good faith divested himself of ownership or has made an illusory transfer (Krause v. Krause, 285 N. Y. 27). The proof here shows that the decedent wanted his grandson, Joseph Bergmann to have the money involved herein and therefore this Totten trust was valid, effective and not illusory (Matter of Halpern, 303 N. Y. 33). The plaintiff does not satisfactorily explain her failure to pursue diligently her remedies regarding this alleged unpaid alimony during the lifetime of Leopold Bergmann. It is well settled that a wife has no vested right to accrued alimony which has not been reduced to judgment (Wheelock v. Wheelock, 3 A D 2d 25, and cases cited therein; Civ. Prac. Act, § 1171-b; L. 1948, ch. 212).
The evidence adduced by the plaintiff is insufficient to sustain any of the causes of action alleged. The various questions of law and fact are resolved in favor of the defendant. Judgment is accordingly directed in favor of the defendant dismissing the complaint on the merits. The foregoing constitutes the decision of the court in accordance with section 440 of the Civil Practice Act. Settle judgment which shall contain a provision directing the plaintiff to turn over the bankbook to the defendant, Joseph Bergmann.