Henry Epstein, J.
Plaintiff is the widow of the late Jacob P. Galewitz who died October 10, 1950. Defendants are: the executors under his will, dated March 22, 1950, the individuals Samuel Galewitz and Elsie G. Schreider, and the Walter Peek Paper Corporation. The will provides the widow with $2,500 and in addition the income for life from one third of decedent’s *180 estate. The principal of the estate is equally divided among the six children, four by his first wife and two by plaintiff. The estate was conservatively estimated to be worth net about $716,000; the gross estate about $1,200,000. All the children are adults. The widowed plaintiff sought to exercise an election under section 18 of the Decedent Estate Law as in a case of intestacy. The Surrogate denied such right of election to plaintiff and was sustained on appeal (Matter of Galewitz, 3 Misc 2d 197, affd. 3 A D 2d 736, affd. 5 N Y 2d 725).
The instant action was initiated in August, 1954 seeking to set aside as illusory and fraudulent the transfer or issuance of 9 out of 10 shares of defendant Walter Peek Paper Corporation to defendants Samuel and Elsie. The remaining one share was accounted for in the estate assets and was in his name. Said nine shares, five to Samuel and four to Elsie, were issued on February 25, 1938, more than 12 years before the death of Jacob Galewitz and 16 years before this action was initiated. These shares were not transferred by Jacob to his said son and daughter, but were issued directly by the corporation. It is this stock issue which plaintiff seeks to set aside. The executors including the Chase Manhattan Bank, are properly named as defendants since a recovery by plaintiff .would be equivalent to finding decedent to be the owner at death of the nine shares issued in 1938 to Samuel and Elsie (Matter of Hearn, 158 Misc. 370, 379). This court, having jurisdiction of the subject matter and the parties, can determine the respective merits of the controversy (Matter of Andrews, 172 Misc. 373). The issues which this court has now tried were marked out by Mr. Justice Hecht in deciding a motion to dismiss the complaint, affirmed by the Appellate Division (3 A D 2d 741, motion for leave to appeal to the Court of Appeals denied 3 A D 2d 897).
Plaintiff and deceased had each been married previously. Plaintiff had been divorced by her former husband, a Christian Science practitioner, in this State (Kings County) on statutory grounds, November 17, 1931. She then married deceased Jacob Galewitz in New Jersey on November 30, 1931. On the witness stand plaintiff had great difficulty in recalling any important matters relating to the Walter Peek Paper Corporation’s business or transactions in which she played any significant part. On such issues as were pertinent her testimony is hardly credible. It would appear that deceased had set up the Peek corporation some months prior to his marriage to plaintiff, as a means of furnishing a modest basis for earning something *181 for plaintiff, her husband-to-be-divorced, and a few of her friends. The basis was to be sales of paper made for the Clinton Paper Corporation through the agency of the Peek corporation. Plaintiff’s testimony regarding payment for the stock originally issued and her reimbursement to the original shareholders is without support other than her own word, is utterly incredible and was in fact undermined by her own testimony. Deceased, who was at first president and a director (February, 1931) resigned on July 3, 1931. "When the Peek corporation was in serious financial difficulties in 1933 all its affairs were liquidated and all outstanding shares were turned in by the stockholders. Full control was turned over to deceased under an agreement dated February 14, 1933, at a time when the Peek corporation was in debt to the Clinton Paper Corporation.
Defendant Samuel Galewitz had worked for his father since the age of 14 years with the exception of a three-year stint in the United States Army during World War II. On his 21st .birthday in 1933 he was made the owner of one third of the outstanding stock in the Clinton company, the remaining two thirds remaining in decedent’s name and possession at his death.
The Walter Peek Paper Corporation ceased all operations in the paper business about 1935. Tax returns furnish convincing evidence of this. On July 1, 1935 it had no assets, and liabilities of $1,770.15. As of July 1, 1936 and 1937, the returns .showed no income and no assets. The report of December 31, 1938 showed a change in status from its prior character to that ¡of a realty holding corporation. Deceased signed the return on February 24,1938 as president. The records of the corporation and the annual returns signed by the deceased show the ownership of the outstanding stock. One share was held by deceased, four by Elsie and five by Samuel. All the original ishares of the Peek corporation had been turned in as worthless and the old directors voted out. The minutes of February 25, .1938 show the election of deceased Jacob and defendants Samuel and Elsie as directors and officers. Samuel was chairman and deceased was treasurer. Nothing of an “ illusory ” character is anywhere observed in this operation.
While it can safely be said that all the witnesses had some interest in the result of this litigation (the last of a series between the parties, going back to 1950), this court feels that little of value was added to plaintiff’s case by the evidence given by Lewis Joseph, a nephew of plaintiff, by Henry Hallain, a *182 ■Miami, Florida real estate broker, and by Edward M. Gale, a son of deceased by plaintiff. On the other hand, the witness George Green had been personal counsel to deceased and had drawn his prior wills in 1944 and 1945. There had been no change in any of the wills in the matter of the Peek corporation shares and the holding by deceased of but one of the ten loutstanding shares. In the course of the trial plaintiff sought ito lay stress on the transactions dating back to 1938, in both ■Clinton and Peek corporate affairs. These are reasonably (attributable to a father’s care for his daughter and his contributions to her for support while her husband (now a doctor in California) was in medical school in Chicago. There was ¡nothing of an “ illusory nature ” in the ownership by defendants Samuel and Elsie of the nine shares of the Peek corporation issued to them in 1938. Any claim of plaintiff herself, or on behalf of the estate by her, to said shares is wholly without credible support in the record. The cases cited by plaintiff to support her claim find no factual implementation in the .instant record (Newman v. Dore, 275 N. Y. 371; Marano v. Lo Carro, 62 N. Y. S. 2d 121; Krause v. Krause, 285 N. Y. 27; Bodner v. Feit, 247 App. Div. 119).
Decisions must rest on careful analysis of the facts developed as well as on the credibility of the testimony given with relation to .such facts. Particularly is that so in cases like this. There was undoubtedly considerable informality in the business relations of father (deceased) and son (Samuel). However, to achieve the end result sought by plaintiff there must be found some evidence of wrongdoing of tangible, believable character. And such evidence should be more than a weak .attempt to explain away corporate transactions otherwise ■satisfactorily accounted for. On the other hand, deceased had on a number of occasions acted in relation to the Peek corporation affairs and the respective interests of his son and daughter therein from February, 1938 on. Deceased signed the minutes of the Peek corporation of February 25, 1938; he signed the stock certificates here challenged; he signed the franchise tax returns recording the ownership of the shares; he made declarations on the returns of the Clinton Paper Corporation and to his counsel — all bearing on the reality and good faith of the Peek corporate stock ownership. All this, combined with the active operation of the business by his son Samuel, both of Peek and Clinton — these furnish indisputable proof of the unassailability of the transaction under attack.
Let judgment be entered dismissing the complaint, but without costs.