■ MAX KAUFMAN, Appellant, et al., Plaintiffs, v. BETTE ZASH, Individually and as Executrix of ROSE VOLIN, Deceased, Respondent. BETTE ZASH, Respondent, v. MAX KAUFMAN, Appellant. (Consolidated Action and Proceeding.)— On December 2, 1932 Rose Volin, the mother of Bette Zash, Naomi Zadan and Herbert Volin, acquired title to the two-family house involved in

this litigation and thereafter moved into an apartment therein. On February 17, 1947 Rose Volin satisfied the mortgage on the premises with her own funds. On December 20, 1947 she married Max Kaufman who thereafter lived in the apartment with her until her death in 1957. On July 14, 1950 an attorney employed by Rose Volin Kaufman drew a deed conveying the property from " Rose Volin, to herself as Rose Volin and Bette Zash as joint tenants ". The executed deed was delivered to Bette Zash the same day and was recorded a few days later. On July 29, 1957 Rose Volin Kaufman died. On August 15, 1957 the first above-entitled matter was commenced in the Supreme Court, Queens County, by the service of a summons and complaint alleging two causes of action. The first cause of action was by Max Kaufman for his distributive share of the property on the theory that the transfer of July 14, 1950 was illusory. The second cause of action was by Max Kaufman, Naomi Zadan and Herbert Volin to set aside the conveyance on the ground that the deed was executed as the result of undue influence. On August 16, 1957 the second above-entitled matter, a summary proceeding, was commenced by Bette Zash in the Municipal Court of the City of New York to obtain possession of the apartment from Max Kaufman on the theory that he was a squatter or an intruder. This proceeding was transferred from the Municipal Court and consolidated with the action. The first cause of action was dismissed on the merits because the trial court found that the transfer was real and not illusory. The second cause of action was discontinued by Max Kaufman and was dismissed as to Naomi Zadan and Herbert Volin because there was no proof of undue influence. The trial court also found in favor of Bette Zash in the summary proceeding. Max Kaufman appeals (1) from so much of the judgment entered thereon as dismisses the first cause of action and as grants a final order of possession of the apartment, and (2) from the final order entered pursuant thereto. Judgment modified on the law by striking therefrom the second and third decretal paragraphs and by substituting in place thereof a provision that the summary proceeding be dismissed. As so modified, judgment insofar as appealed from affirmed, without costs, and final order vacated. The findings of fact are affirmed. The transfer of title to respondent was complete with the execution, delivery, and recording of the deed of July 14, 1950. Respondent's mother did not retain any power to revoke or recall the transfer of title. Therefore, the transfer was real and not illusory. (*Krause* v. *Krause*, 285 N. Y. 27.) *Thomas* v. *Louis* (284 App. Div. 784) is distinguishable. There the evidence showed that the deed of the property to the grantee was to be completely ineffecual until after the death of the grantor, and was to be subject to recall or revocation until then. Appellant is not entitled to the protection of his possession under the State Residential Rent Law (L. 1946, ch. 274, as amd.) because he was never a tenant, nor is he a surviving member of the immediate family of a tenant. However, this summary proceeding to recover possession may not be maintained against him. He is not a squatter or an intruder because his original entry on December 20, 1947 was lawful. (*Williams* v. *Alt*, 226 N. Y. 283.) Insofar as *Newman* v. *O'Rourke* (149 N. Y. S. 514) is to the contrary, it is disapproved. Respondent's remedy is by way of ejectment. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur. [12 Misc 2d 329.]