ANGELINA NACLERIO, as Administratrix of the Estate of PHILIP NACLERIO, Deceased, Appellant, v. MARGARET NACLERIO, Respondent.

First Department, June 27, 1961.

*B. Robert Bodner* for appellant.

*Joseph Y. Israel* of counsel (*Seymour Cohen,* attorney), for respondent.

*Per Curiam.* After trial before the court without a jury, plaintiff, as administratrix of her decedent husband's estate, appeals from the judgment dismissing her complaint in which she sought to recover certain real property or the proceeds of its sale. Decedent, who had been married to plaintiff in 1923, but from whom he was separated for some years, had transferred the property by deed to his sister, defendant in this action.

After transferring title to the property, decedent continued to reside in the premises, a two-family house, collected the rent from the other tenant, and participated to some extent in the maintenance of the building, the extent being the subject of conflicting testimony. The rent-paying tenant was a brother-in-law of decedent. Decedent never paid any rent to defendant. There was testimony that defendant paid decedent $1,500 for the deed; that the premises faced mortgage foreclosure at the time of the transfer; and that defendant, after taking title, arranged for refinancing the property.

The issue was whether deceased effected a transfer of his real property to his sister or whether the claimed transfer was in fact illusory and no transfer at all. The only substantial claim of error is the exclusion of testimony concerning a conversation between decedent and a witness, plaintiff's son-in-law. There is no disagreement that the testimony of the witness, George Russo, would have been admissible if a proper foundation had been laid to establish its relevancy. As probative of whether, in fact, a transfer was made, it might have been admissible; but as probative only of motive and intent in making the transfer it was inadmissible. This is so because if the deceased actually transferred the property his reason for doing so has no effect on the validity of the transfer.

However, the proffer was insufficient; it was only vaguely suggested that the witness' testimony would show an illusory transfer, without specifying what the witness would have in fact testified. This becomes important because plaintiff was never clear as to precisely the nature of the invalidity attached

to the transfer. This is confirmed by plaintiff's bill of particulars which stated that the transfer was "without due and fair consideration" and that the consideration was the sum of $1,000.

Consequently, the proffered testimony would not and should not have changed the result. In the view of the case taken in the pleadings and bill of particulars, the transfer was valid regardless of the adequacy of consideration, or even if there had been no consideration at all (*Krause* v. *Krause*, 285 N. Y. 27, 31–32). The alternative view of an illusory transfer never took shape in the proof and, as seen, contradicts the bill of particulars. Moreover, such theory of illusory transfer is not consistent with the action having been brought by plaintiff as administratrix of the decedent's estate.

The first specification as to what the witness would have testified is found in the following statement made to the court, after objection to the receipt of testimony from the witness concerning conversations with decedent: "Mr. Rothman: It is not hearsay. It is a conversation between the man who deeded the property and the witness, and *I assume it has something to do* with whether it is a real transfer or an illusory transfer." (Emphasis supplied.) This offer merely states the purpose of the proffered testimony and not its content. Later, counsel elaborated that the testimony related to "an intent to transfer his property to others so that his wife and his estate could not have the benefit therefrom". Of course, such testimony would be insufficient. A man is free to dispose of his property, if in fact he disposes of it, even to deprive his wife and his estate of the expectancy (*Newman* v. *Dore*, 275 N. Y. 371, 379; *Krause* v. *Krause, supra*). It therefore appears that even under the offer of proof as particularized by counsel, the testimony would not have been pertinent.

Accordingly, the judgment dismissing the complaint should be affirmed, with costs to defendant-respondent.

Rabin and McNally, JJ. (dissenting). We agree with the majority that were the excluded testimony directed only to the question of the decedent's motive and intent in making the transfer, its exclusion would have been of no moment. However — and in this respect we likewise agree with the majority — were the testimony addressed to the question of whether the transfer was an illusory one it would be pertinent and admissible. It thus becomes a question as to whether, under the circumstances, the plaintiff made an adequate proffer of proof.

The question put to the witness was as follows: " Q. Tell the court what you said to Mr. Naclerio and what Mr. Naclerio said to you with regard to the conveyance of the property." An objection to this question was sustained on the ground that it called for a hearsay response. Such ruling was erroneous. While the response called for was hearsay it was admissible as an admission — an exception to the hearsay rule. (See Richardson, Evidence [8th ed. 1955], § 287 *et seq.*) Besides, the court in effect was ruling on the propriety of an answer which had not yet been given. The question did not necessarily call for an improper answer. At that point the attorney for the plaintiff stated that the testimony would not be hearsay and that he assumed " it has something to do with whether it is a real transfer or an illusory transfer." While such statement is not as definite and affirmative as it might have been it must be considered in the light of the trial court's refusal to entertain further exposition on the question of admissibility. The attorney had no choice but to proceed to his next question. Of course, had the court allowed the answer — as it should have done because sitting without a jury no prejudice could have come from it — and had the answer been directed only to motive and intent it could have been ordered stricken.

This is a close case. We do not think it can be said that the evidence preponderates so greatly in favor of the defendant that the failure to allow an answer to the question put was not prejudicial and might not have changed the result. We cannot tell at this point — it depends on what the answer would have been. We think the proffer of proof was sufficient and the exclusion of the testimony erroneous and therefore vote to reverse and order a new trial.

BREITEL, J. P., EAGER and STEUER, JJ., concur in *Per Curiam* opinion; RABIN and McNALLY, JJ., dissent in opinion.

Judgment affirmed, with costs to the respondent.