■ THOMAS H. WALSH et al., Appellants, v JOHN SOMERVILLE et al., Respondents.—Order, Supreme Court, New York County, entered December 19, 1978, granting defendants' motion for summary judgment dismissing the complaint reversed, on the law, and motion for summary judgment denied, without costs. Plaintiffs, landlords of a certain apartment, seek in this action a judgment of ejectment together with possession of the apartment, damages for the alleged unlawful withholding of possession of the apartment, and damages also for alleged fraud and deceit. In substance, plaintiffs allege that in 1967, the defendants John and Rose Somerville, then statutory tenants of a rent-controlled apartment, moved from the apartment and unlawfully transferred occupancy to their son, Greg J. Somerville and his wife, Judith; that Greg and Judith were not living in the apartment at the time of the unlawful transfer; and that the defendants conspired to conceal from plaintiffs' predecessor in title, and plaintiffs, the fact of the unlawful transfer. The critical factual issue presented is whether Greg Somerville, who indisputably resided in the apartment with his parents when it was first leased in September of 1943, was a tenant on the date that his parents moved. Prior to this action, plaintiffs had commenced dispossess proceedings against Greg Somerville, alleging that he was a squatter. (See Real Property Actions and Proceedings Law, § 713, subd 3.) The proceeding was dismissed at the end of the petitioner's case on the court's finding that Greg and

Judith, having occupied the apartment 'with the consent of Greg's parents, were not squatters. (See *Williams v Alt,* 226 NY 283.) Special Term granted defendants' motion for summary judgment dismissing the complaint on the view that the prior dismissal of the squatter proceedings was *res judicata.* As defendants acknowledge on this appeal, this ground for dismissal of the complaint was erroneous. The principle is well established that dismissal of a squatter proceeding does not bar an action in ejectment. (See RPAPL, § 747, subd 2; *Kaufman v Zash,* 7 AD2d 927, affd 7 NY2d 831; *Bridge Hardware Co. v Disosway & Fisher,* 199 Misc 259, affd 278 App Div 812.) The principal question on this appeal is presented by defendants' contention that plaintiffs failed to exhaust their administrative remedies in that they did not comply with the provisions of the New York City Rent and Rehabilitation Law (the Rent Control Law) regulating the eviction of tenants in rent-controlled buildings. The flaw in this position is that the threshold issue clearly raised in the action is whether the defendants Greg and Judith Somerville are "tenants" entitled to the protection of the Rent Control Law. The principle appears well established that where such an issue is presented in an action, the court is empowered to decide it even though the issue might also have been resolved by the administrative agency. In *Swift v 130 West 57th Corp.* (26 NY2d 714), the Court of Appeals addressed a similar question raised by the claim that it was for the city rent agency to determine whether certain premises had become exempt from rent control as a result of their use for commercial purposes. The court said (p 716): "Although it is always salutary to have the prior benefit of the regulatory determination of the City Rent Agency, the trial court was empowered and, therefore, was required to determine whether the entire apartment was subject to rent control." To the same effect is the opinion of the Court of Appeals in *520 East 81st St. Assoc. v Lenox Hill Hosp.* (38 NY2d 525), a case factually similar in some respects to this one. The court said in pertinent part (p 527): "The proceedings in Civil Court to obtain summary eviction were appropriate to test the applicability of the Rent Stabilization Law of 1969, without first exhausting administrative remedies * * * But, once it was determined that the Rent Stabilization Law of 1969 was applicable, issues arising under the provisions of that law would be required to be passed upon administratively until that remedy be exhausted." We have considered carefully defendants' further argument that the city rent agency was authorized to grant on the facts alleged here a certificate of eviction. (See New York City Administrative Code, § Y51-6.0, subd b, par [2].) That section authorizes the agency to issue an order granting a certificate of eviction whenever it finds that: "(2) The landlord seeks in good faith to recover possession of a housing accommodation for which the tenant's lease or other rental agreement has expired or otherwise terminated, and at the time of termination the occupants of the housing accommodation are subtenants or other persons who occupied under a rental agreement with the tenant, and no part of the accommodation is used by the tenant as his dwelling". On this appeal we do not have the benefit of the agency's interpretation of this section. It does not in terms apply to the situation presented here since it is limited to the time of termination of a tenant's lease or other rental agreement and the claim here is that there was an unlawful transfer of possession occurring years after such termination. We appreciate the possibility that on an application to the agency it might interpret the section as a source of authority to decide the kind of question presented in this case. We are not persuaded, however, that this possibility warrants an exception in this case to the general principle set forth above. Concur—Birns, J. P., Sandler, Sullivan and Carro, JJ.