Memorandum. Order of the Appellate Division affirmed, with costs. ■
 

 The proceedings in Civil Court to obtain summary eviction were appropriate to test the applicability of the Rent Stabilization Law of 1969, without first exhausting administrative remedies. Indeed, the Appellate Term was unanimous on this point. But, once it was determined that the Rent Stabilization Law of 1969 was applicable, issues arising under the provisions of that law would be required to be passed upon administratively until that remedy be exhausted.
 

 The Appellate Term and the Appellate Division correctly determined that the 1969 law applied because none of the kinds of housing accommodations excepted from its coverage
 
 *528
 
 encompasses the apartments in question (Administrative Code of City of New York, § YY51-3.0, subd a). Moreover, the Emergency Tenant Protection Act of 1974 (L 1974, ch 576) does not exclude the apartments in question. The proviso in section 5 of that statute, if it is at all relevant, refers to accommodations provided, that is, let, by a hospital as landlord or sublandlord in relation to its tenants or subtenants, and not to the hospital as tenant or subtenant in relation to a real estate entrepreneur landlord or sublandlord. Hence, assuming that the issue of vacancy decontrol could properly have been brought before the court without first exhausting the administrative remedy, the 1974 statute made that issue irrelevant with respect to the eviction relief sought by landlord’s petition in Civil Court. The statute nullified and terminated the experiment of vacancy decontrol for reasons of current emergency, hardly allowing of exception for tenants sought to be evicted because of the very conditions which brought about the emergency enactment. Any other issue with respect to standards of rent regulation, control or stabilization must be pursued through the administrative channels provided under the several regulatory enactments, and any codes adopted pursuant to them.
 

 The Appellate Term quite correctly determined the proceeding before it and determined the very question of applicability of the Rent Stabilization Law to the apartments involved, as distinguished from enforcement of its provisions, without requiring that administrative remedies be first exhausted. Thus, appellant landlord gratuitously distorts the holdings below in characterizing them as precluding all issues because the landlord had not exhausted its administrative remedies. The Appellate Term, in necessarily invoking the exhaustion of remedies doctrine, was presumably referring to the other issues raised by the landlord seeking to exclude the apartments from continued regulation on the ground of vacancy decontrol, or denial of the right of subtenants to protection of the Rent Stabilization Law, and the like.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.