■ In the Matter of GEORGE E. ZEITLIN, Appellant, v NEW YORK CITY CONCILIATION AND APPEALS BOARD et al., Respondents.—Judgment, entered in New York County, May 24, 1976, dismissing appellant's petition to review and set aside an order of the Conciliation and Appeals Board, unanimously reversed, on the law, and vacated, the petition granted, and the matter remanded to New York City Conciliation and Appeals Board for determination of petitioner's rent in an amount not inconsistent with this memorandum opinion, without costs and without disbursements. Under section 13 of the New York City Rent, Eviction and Rehabilitation Regulations, Apartment 5-S, a nine-room apartment at 315 Central Park West, New York County, was exempted from rent control so long as the tenant petitioner herein occupied it, effective from the date of tenant's renting. The exemption was based on tenant's averred purpose to use two rooms in the apartment for the purpose of conducting his legal practice. Tenant's first lease on the apartment was for a five-year term at a monthly rental of $420 commencing September 30, 1966. After expiration of the term, it was extended through October 31, 1974 at an agreed rent increase of 10% to a total of $462 per month. To extend the lease for an additional two-year period thereafter, the landlord demanded an increase of $613 per month to a monthly rental of $1,075. Tenant proffered that such a rental increase was prohibited by the Emergency Tenant Protection Act (ETPA) of 1974 (L 1974, ch 576, § 4), and the implementing Resolution No. 276 of the City Council. The Rent Stabilization Association agreed. However, the Conciliation and Appeals Board held to the contrary on the grounds that the ETPA exempts from its coverage housing subject to city rent control and that the apartment in question, while temporarily exempted from rent control, will revert to rent control status when this tenant petitioner vacates. Petitioner commenced the instant proceedings. The court below dismissed the petition, agreeing with the Conciliation and Appeals Board determination. At issue is whether landlord has found a loophole in the legislative plan to protect tenants. The 1974 legislation extended rent stabilization to cover virtually all classes of housing accommodations otherwise exempted from rent control and rent stabilization (*520 East 81st St. Assoc. v Lenox Hill Hosp.,* 38 NY2d 525, 528). Under section 3 of the ETPA, which grants New York City the right to make a local determination of the existence of a public emergency requiring regulation, the city council in Resolution 276 made a determination that the emergency exists "for all classes of housing accommodations within the City of New York including, but not limited to, housing accommodations heretofore destabilized, heretofore or hereafter decontrolled, exempt, not subject to control, or exempted from regulation and control under the provisions of the local Emergency Housing Rent Control Law or the City Rent Stabilization Law". Petitioner's apartment is currently exempt from rent control. No support is provided for landlord's position that apartments temporarily exempt from rent control are denied protection. On the contrary, section 2 of the EPTA states that the Legislature was concerned that "persons residing in housing not presently subject to the provisions of the emergency housing rent control law or the local emergency housing rent

control act are being charged excessive and unwarranted rents and rent increases". Petitioner's situation falls squarely within the class for whom the Legislature sought protection. Furthermore, *Axelrod v Starr* (52 AD2d 232, 235), held that the ETPA and the city council Resolution 276 were intended to extend rent stabilization beyond that which existed immediately before to encompass premises theretofore exempted from protection. The only fair reading of the ETPA and city council resolution renders the conclusion that petitioner is part of the large class of tenants for whom protection was afforded. Accordingly, the matter is remanded to the Conciliation and Appeals Board for redetermination not inconsistent with this memorandum. Concur—Stevens, P. J., Birns, Capozzoli and Nunez, JJ.