■ In the Matter of JOSEPH MELOHN et al., as Cotrustees of LEON MELOHN, Deceased, Appellants, v DANIEL W. JOY, as Commissioner, Department of Rent and Housing Maintenance, Respondent.—In a proceeding pursuant to CPLR article 78 to review respondent's determination dated April 30, 1976, which fixed July 1, 1975 as the effective date of 1974/1975 maximum base rents, petitioners appeal from a judgment of the Supreme Court, Queens County, entered April 25, 1977, which denied the application and dismissed the proceeding. Judgment modified, on the law, by deleting from the decretal paragraph thereof all language beginning with the word "denied" and substituting therefor provisions (1) annulling the determination and (2) fixing July 1, 1974 as the effective date of the increases in question. As so modified, judgment affirmed, without costs or disbursements. Under section Y51-5.0 (subd h, par [6]) of the Administrative Code of the City of New York, a landlord is not entitled to a maximum base rent increase unless all rent-impaired violations and 80% of all other violations against the property are corrected six months prior to any such increase. On February 20, 1975 the parties entered into a violation removal-repair schedule contract which granted the landlord a rent increase effective as of July 1, 1974. On the same day the head of the Violations Certification Unit

of the Office of Rent Control signed a stipulation prepared by the landlord's attorney which provided that the granting of the July 1, 1974 effective date was without prejudice to the landlord's contention that it was entitled to a rent increase effective as of January 1, 1974. That stipulation also provided that the landlord retained the right to bring any administrative or legal proceeding in support of that contention. On March 19, 1975 the acting district rent director issued an order which implemented the agreement between the parties and confirmed July 1, 1974 as the effective date of the increase. The contract was entered into and the order issued despite the fact that it appeared that the requisite number of violations were not removed until December, 1974. The landlord therefore would not otherwise have been entitled to an increase until July 1, 1975. On April 17, 1975 the petitioner filed a protest with the Commissioner of the Department of Housing and Maintenance, claiming that it was entitled to rent increases effective as of January 1, 1974. On April 30, 1976 the commissioner issued the order under review, which denied the protest and modified the district rent director's order of March 19, 1975 by fixing July 1, 1975 as the effective date of the rent increases. This determination was based on a finding that the requisite number of violations had not been removed until December, 1974. By this proceeding the landlord seeks review of the order fixing July 1, 1975 as the effective date of the increases. Special Term dismissed the petition, noting that the landlord, by bringing the protest, put the issue of the proper effective date before the commissioner for *de novo* review. Because the commissioner's decision was in accord with applicable law, the court held that his determination was not arbitrary or capricious and dismissed the proceeding. From the record before the court, there appears to be no basis for the modification of the March 19, 1975 order which granted the petitioner rent increases effective as of July 1, 1974. The record demonstrates that the department was aware that a sufficient number of violations had not been corrected in time to allow the petitioner to qualify for an increase effective July 1, 1974. Nonetheless, the department granted that effective date. The situation would be different if, for example, the order had been the result of fraud, misrepresentation or illegality (cf. Rent, Eviction and Rehabilitation Regulations of the Housing and Development Administration, § 88). Under the circumstances, the April 30, 1976 order was arbitrary and unreasonable and petitioner is entitled to rent increases effective as of July 1, 1974. Hopkins, J. P., Latham, Shapiro and Mollen, JJ., concur.