OPINION OF THE COURT
Arnold Guy Fraiman, J.
In this action by a landlord for a declaratory judgment and injunctive relief, defendant New York City Conciliation and Appeals Board (the CAB) moves to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 2) and 7804 (subd [f]) on the ground that the court does not have jurisdiction of the subject matter of the action and on the further ground that an article 78 proceeding is the exclusive method for reviewing a determination of the CAB, and it is not available here because there has been no final determination by the agency.
By its complaint, plaintiff alleges that in 1980 it acquired title to an apartment house at 155-01 90th Avenue in Jamaica, Queens; that three proceedings are presently pending before the CAB by tenants to determine the appropriate rentals under the Rent Stabilization Law (Administrative Code of City of New York, § YY51-1.0 et seq.) for *460 three apartments in the building that had previously been rent controlled but became subject to rent stabilization in 1980 and 1981 when the prior tenants vacated them; that the plaintiff landlord was advised by the CAB that if it wished to submit updated rental comparability data in connection with the pending proceedings, under the CAB’s stated practice, the landlord would also have to submit a rental history of all other stabilized apartments in the building since 1974, when the Emergency Tenant Protection Act (L 1974, ch 576, § 4) took effect; and that the latter information is useless and irrelevant, and to require plaintiff landlord to submit it would be unduly burdensome. The relief plaintiff seeks in its complaint, in effect, is an injunction mandating that the CAB consider comparability data submitted by plaintiff in the absence of its submission of the rent histories of other stabilized apartments, and a declaratory judgment that the CAB’s requirement that plaintiff submit rent histories is unduly burdensome, and any decision rendered by the CAB in accordance with its stated practice will be illegal and unenforceable.
In support of the position espoused in its complaint, and in opposition to the CAB’s motion to dismiss, plaintiff relies upon two unreported decisions of this court handed down in connection with motions made in Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N. Y. The complaint in that case was substantially similar to the instant complaint and sought essentially the same relief, to wit, a declaratory judgment that the submission of rental histories should not be a prerequisite to the consideration by the CAB of comparability data. On the first motion, decided May 8, 1981, the court (Blangiardo, J.) granted plaintiff landlord a preliminary injunction enjoining the CAB from deciding any of the fair market rental proceedings before it involving plaintiffs, pending the trial of the declaratory judgment action. (NYLJ, June 10, 1981, p 6, col 2.) The CAB then moved to dismiss the complaint, and in the second decision relied upon by plaintiff, the court (Shainswit, J.) in a decision in July, 1981 denied the motion, holding that “[a]n Article 78 proceeding is not the exclusive vehicle to challenge rules and procedures adopted by an administrative agency. Moreover, the chai *461 lenge is not simply to the manner in which a procedure is being applied; the issue here is the basic one of whether the procedure is wholly without the authority of the administrative agency. Such an issue is properly raised by a declaratory judgment action”. (NYLJ, July 15, 1981, p 7, col 5, p 10, col 5.)
After reviewing the relevant authorities on this issue, the court concludes that the determinations of Justices Blangiardo and Shainswit are in error and it respectfully declines to follow them. While, as Justice Shainswit notes, a declaratory judgment action may be appropriate to determine the constitutionality of a regulation promulgated by an administrative agency, as in Matter of Greenwald v Frank (70 Misc 2d 632, mod 40 AD2d 717, affd 32 NY2d 862), it may not be used to challenge a determination by an administrative agency when the determination may ultimately be judicially reviewed in an article 78 proceeding. (Park West Vil. Tenants Assn. v New York City Conciliation & Appeals Bd., NYLJ, Oct. 30, 1978, p 7, col 5.) Here, plaintiffs may obtain a judicial review of any final determination by the CAB if it so desires by means of a proceeding brought under article 78.
Further, assuming, arguendo, that, as Justice Shainswit indicates, a declaratory judgment action may be the appropriate method to challenge a procedure by an administrative agency that is wholly beyond its authority, the court finds as a matter of law that the requirement by the CAB that rental histories of other apartments in the building be submitted as a condition precedent to its considering comparability data, is neither unduly burdensome nor beyond the authority of the agency. The Rent Stabilization Law requires a landlord to maintain such histories in the form of prior leases, and to produce them upon the demand of a tenant or the CAB. (Code of Rent Stabilization Assn, of New York City, Inc., § 42, subd A, par [2].) And the rental history of other apartments in the same building has at least a prima facie relationship to the fair market rental value of a particular apartment. Whether it is arbitrary or capricious to require their production in this case can be made the subject of an article 78 proceeding when a final determination has been made.
*462 For all the foregoing reasons, the motion to dismiss the complaint is granted.