■ GREYSTONE MANAGEMENT CORP. et al., Respondents, v CONCILIATION AND APPEALS BOARD OF THE CITY OF NEW YORK, Appellant. — Order, Supreme

Court, New York County (Blangiardo, J.), entered November 18, 1981, granting plaintiffs' motion for a preliminary injunction, enjoining the defendant Conciliation and Appeals Board (CAB) from determining, as respects these plaintiffs, any initial legal rents established on or after July 1, 1974, pending the determination of plaintiffs' declaratory judgment action, unanimously reversed, without costs, on the law, the motion denied and the preliminary injunction vacated. Order, Supreme Court, New York County (Shainswit, J.), entered November 19, 1981, denying defendant CAB's motion to dismiss the complaint herein, pursuant to CPLR 3211 (subd [a], par 2) and CPLR 7804 (subd [f]), unanimously reversed, on the law, without costs, and the complaint dismissed. The plaintiffs herein (hereafter collectively Greystone) are all members of the Rent Stabilization Association of the City of New York (RSA) and are owners of buildings containing apartments that are subject to the Rent Stabilization Law of 1969 ([RSL], Administrative Code of City of New York, ch 51, tit YY) as amended in part by chapter 576 of the Laws of 1974. In their declaratory judgment action, in respect to which the preliminary injunction was issued, they seek a declaration that certain procedures of the CAB, established in respect to its consideration of updated comparable rentals, are arbitrary, capricious and unduly burdensome; a direction to CAB that it hold in abeyance the processing of applications relating to the plaintiffs in respect to the establishment of initial legal rents effective on or after July 1, 1974 pending the promulgation of a new procedure relating to the submission of updated comparable rents; and a direction to CAB to promulgate such a new procedure that would only require the submission of information necessary to such a determination; to notify plaintiffs thereof and give them a reasonable time within which to comply. Finally, they seek a direction that CAB reconsider those orders and opinions adjusting the initial legal regulated rents that are currently under review in CPLR article 78 proceedings already brought by various plaintiffs. Apparently feeling that the methodology employed by CAB in determining challenges to fair market rents brought by tenants of previously rent-controlled, but now rent-stabilized apartments rented after July 1, 1974 did not fully take into account "current comparable" rents and thus, did not provide an "initial legal * * * rent" comparable to "rents generally prevailing in the same area for substantially similar housing accommodations" (Administrative Code, § YY51-6.0.2, subd a), these plaintiffs importuned CAB to accept submissions of current rent information respecting comparable apartments where the rents had been established as a result of vacancy decontrol at a time contemporaneous with the renting of the apartment in question.* CAB agreed to accept this updated comparability information and indicated that the owners could submit, in addition to current rent information for similar apartments in the same line, rent information for all similarly sized apartments in the building. Owners were also given the option of submitting rent information respecting similar apartments in a similar building in the neighborhood. CAB advised however, that in order for this updated rent information to be considered, the owners were required to submit the rental history for each apartment in the subject building. CAB had initially agreed to accept this updated comparable rent information in January, 1980, but did not promulgate the relevant forms until October, 1980, when it became known apparently for the first time, that submission of the full rental history for the entire building would be required. In the meantime, CAB continued to process fair market rent challenges and to establish initial legal rents using the

---

* CAB at the time followed a procedure whereby the average rents for comparable apartments as of June 30, 1974 provided the baseline rent to which would be added the annual percentage guideline increase for one-year leases for each intervening year and then applying the guideline increase for the current year for the type of lease involved.

annual guideline percentage increase applied to the June 30, 1974 average comparable rent method. Some 1,500 tenant fair market rent appeals were determined in respect to apartments in buildings owned by 19 of the plaintiffs. They have instituted article 78 proceedings wherein they challenge these determinations in which the initial legal rent charged by the landlord was reduced. They contend that "comparable rents" for substantially similar housing accommodations in the same area were not used and that they were not given a fair opportunity to submit updated rent information for similar accommodations as CAB had indicated it would accept. The remaining 45 plaintiffs have proceedings pending before CAB, the processing of which has been enjoined by the November 18, 1981 order appealed from. These plaintiffs successfully argued below the requirement that complete rental information for the entire building was overly burdensome, and improperly sought information for apartments that were not in any way comparable to the subject apartment and thus was wholly irrelevant to the issue of the initial legal rent for such subject apartments. These arguments are wholly without merit and Special Term erred both in granting the preliminary injunction and refusing to dismiss the complaint. Initially, we observe that a declaratory judgment action is not the proper vehicle to challenge an administrative act, when other remedies, including an article 78 proceeding are available. (See *Gaynor v Rockefeller*, 15 NY2d 120.) Here these plaintiffs have a remedy, in the form of an article 78 proceeding to challenge the determination (if and when one is made) by the CAB. Hence, there is no need to resort to a declaratory judgment action. (See *Park West Vil. Tenants Assn. v New York City Conciliation & Appeals Bd.*, NYLJ, Oct. 30, 1978, p 7, col 5.) Indeed, some 19 of the present plaintiffs have already instituted article 78 proceedings, challenging determinations made by CAB as to initial legal rents in apartments owned by them. As indicated earlier, they argue in those proceedings that they were not given a fair opportunity to submit updated comparables and thus to demonstrate that the initial rents charged should not be disturbed. The remaining plaintiffs whose proceedings pend before CAB, argue, as presumably would the others on a remand of their article 78 proceedings that the requirement that they submit data on the rental history for the entire building is unduly burdensome. As to that argument, suffice it to say that members of the RSA have committed themselves to maintain such records and rental histories in the form of prior leases, and to produce them on demand (see Code of Rent Stabilization Association of New York City, Inc., § 42, subd A). Clearly the rental histories of other apartments in the same building have, at least, a prima facie relationship to the fair market rent value of a particular apartment. Whether or not it is arbitrary and capricious to require their production in a particular case is a determination that can properly be made in an article 78 proceeding brought to challenge a determination by the CAB (see *Matter of J.R.D. Mgt. Corp. v New York City Conciliation & Appeals Bd.*, 117 Misc 2d 459). The quantum and nature of the proof necessary to support a claim as to the proper rent is a matter reserved to the CAB. (*520 East 81st St. Assoc. v Lenox Hill Hosp.*, 38 NY2d 525; *Matter of Century Operating Corp. v Prince*, 75 AD2d 536.) We hold further that for purposes of judicial review, the provisions of section 8 of the local Emergency Housing Rent Control Law (L 1946, ch 274) apply to CAB equally as to the Housing Preservation and Development Agency and thus, the institution of an action such as this is barred, the exclusive remedy being an article 78 proceeding following the issuance of a final order or determination. As observed by the Appellate Term in *520 East 81st St. Assoc. v Lenox Hill Hosp.* (76 Misc 2d 892, 893, affd 47 AD2d 513, affd 38 NY2d 525): "It has also been well established that determinations by the board [CAB] are to

be reviewed only by an article 78 proceeding and such determination 'will not be disturbed if it has warrant in the record, a reasonable basis in law, and is neither arbitrary or capricious.' (*Sherwood Assoc.* v. *Conciliation and Appeals Bd.*, N.Y.L.J., Sept. 22, 1971, p. 2, col. 3 [HELMAN, J.]; *Blum* v. *Conciliation and Appeals Bd.*, N.Y.L.J., Feb 1, 1971, p. 18, col. 1 [GOLD, J.].) In this regard the board has been accorded the same administrative position vis-à-vis judicial review as the City Rent Administration under the rent control law." (See, also, *Matter of Windsor Park Tenants' Assn.* v *New York City Conciliation & Appeals Bd.*, 59 AD2d 121; *Incorporated Vil. of Great Neck Plaza* v *Nassau County Rent Guidelines Bd.*, 47 AD2d 1005; *8200 Realty Corp.* v *Lindsay*, 27 NY2d 124.) Concur — Ross, J. P., Silverman, Fein, Milonas and Alexander, JJ.