■ JACOB HABERMAN, Appellant-Respondent, v FRED WRIGHT et al., Respondents-Appellants.—Judgment, Supreme Court, New York County (Amos E. Bowman, J.), entered March 26, 1985, which, after a nonjury trial, *inter alia,* dismissed the complaint without prejudice to the pursuit of any other remedies available to plaintiff and further dismissed, on the merits, all the counterclaims, except the claim for rent overcharges,

which was dismissed without prejudice, unanimously modified, on the law, to remand the matter to Trial Term for a reopened hearing on the claims asserted in the complaint and for findings of fact and conclusions of law thereon, and, except as thus modified, affirmed, without costs, or disbursements.

Plaintiff, the owner of 315 Central Park West, a building comprised of residential and professional units, commenced this action seeking, *inter alia,* rescission of a two-year lease entered into with defendants at a monthly rental of $1,800 for apartment 12W, which was "to be used by the tenant[s] for professional offices for psychotherapy and psychiatry and for living purposes as a secondary home." Defendants executed affidavits which became a rider to the lease confirming that the occupancy of the apartment was to be so restricted and acknowledging that plaintiff would not have rented the premises to them but for their representation. They also represented that "if any governmental agency will declare the occupancy for professional and/or commercial purposes illegal, [they] will vacate the apartment within sixty (60) days [in which event the lease] shall be cancelled, neither party having any claims on the other." After taking possession defendants filed a rent overcharge complaint with the Conciliation and Appeals Board. Plaintiff thereafter commenced this action for rescission of the lease and defendants' eviction based on fraud in the inducement. Plaintiff also sought $49,000 for use and occupancy from October 1981 through November 30, 1983 and additional moneys for each and every subsequent month of occupancy. Prior to trial the Division of Housing and Community Renewal (DHCR) found that the subject apartment was rent stabilized as a result of defendants' residency therein since taking occupancy in February 1981. Up until the time the prior tenant vacated the apartment it had been under rent control.

At trial, defendants testified that they were coerced into signing the lease and affidavits on plaintiff's terms because the rental was presented to them on a "take it or leave it" basis. This argument appears to be of dubious merit, given the background and experience of defendants, who were not neophytes in the business of renting apartments. In any event, while defendants testified that plaintiff always knew that they would use the apartment as their primary residence, he testified that in his negotiations with them he always emphasized that the apartment was not available for residential purposes. Furthermore, defendants had assured him that their primary residence was in Saugerties. Taking note of the

DHCR determination and without ever resolving the factual issues, Trial Term dismissed the complaint without prejudice "to any other remedies which may be available to the plaintiff-landlord." This was error.

Although plaintiff raised the issue of fraud in the administrative proceeding, the DHCR lacks the power to rescind a lease. Thus, Trial Term, which has the equity jurisdiction to grant the relief sought (NY Const, art VI, § 7), should have resolved the issue. There was no reason for Trial Term to decline to address the merits since all the evidence had been presented to it. A sharp question of credibility was presented which is peculiarly within the province of the trier of the fact to resolve. The DHCR determination, which was based on defendants' undisputed primary residency, does not bind a court of plenary jurisdiction if that residency was induced by fraudulent conduct. Thus, resolution of the fraud issue will determine whether defendants are trespassers *ab initio* or bona fide tenants entitled to the protection of the Rent Stabilization Law. *(Cf. 520 E. 81st St. Assoc. v Lenox Hill Hosp.,* 38 NY2d 525, 528.)

Accordingly, the matter is remanded for findings of fact and conclusions of law on the fraud and rescission issue, and, if rescission is granted, for disposition of the use and occupancy claim. If rescission is denied, use and occupancy is an administrative issue for the DHCR. which will set the fair market rental value of the unit, since this was the first occupancy after decontrol. We affirm Trial Term's dismissal, on the merits, of the first, second and fourth counterclaims, since they are utterly without factual support and defendants have apparently abandoned their cross appeal from those dismissals. The third counterclaim for rent overcharges was properly dismissed without prejudice. That claim turns on the resolution of the rescission issue, and if defendants are successful thereon this claim should be presented to the DHCR. On remand, Trial Term should consider the testimony of Louis Pessione, which was improperly stricken, and the 1954 lease of the prior tenant, which, although admitted, was received for a limited purpose. Concur—Murphy, P. J., Kupferman, Sullivan, Carro and Milonas, JJ.