■ Marvin Linick et al., Respondents, v Kev Realty Co., Inc., Appellant.—Order Supreme Court, New York County

(David H. Edwards, Jr., J.), entered June 10, 1988, which, *inter alia,* granted plaintiffs' motion for a preliminary injunction and for a stay to the extent of enjoining defendant from commencing an eviction proceeding on the basis of a decontrol order of the Office of Rent Control, dated December 8, 1981, pending a determination by the Division of Housing and Community Renewal (DHCR) of plaintiffs' application for reconsideration of the decontrol order, unanimously reversed, on the law and the facts, the motion denied and the order vacated, without costs.

Plaintiffs entered into occupancy of a 19-room rent-controlled apartment located at 171 West 57th Street in Manhattan in 1951, when plaintiff Marvin Linick and three other medical doctors rented office space from the former tenant of record. On or about June 10, 1956, the former tenant of record vacated the premises and plaintiffs entered into a lease agreement with defendant Kev Realty Co. for combined residential and professional use of the apartment. In September 1964, plaintiffs entered into a superseding lease agreement with defendant which expressly stated that the use of the premises was limited to "strictly a private dwelling apartment and for no other purpose." Plaintiffs did not comply with this occupancy restriction and continued to use the apartment for combined residential and professional purposes without defendant's consent. Consequently, defendant initiated, in 1964, administrative proceedings to decontrol the premises. No further leases or lease renewals were executed by either party, with the last fully executed lease agreement between the parties expiring on September 30, 1966.

On December 8, 1981, the District Rent Director of the Office of Rent Control issued an order decontrolling the apartment pursuant to section 2 (f) (15) (recodified as 9 NYCRR 2200.2 [f] [15]) of the New York City Rent and Eviction Regulations. On November 24, 1984, the Commissioner of the DHCR denied the administrative protests filed by both parties and affirmed the decontrol order.

In August 1984, in anticipation of the Commissioner's affirmance of the 1981 decontrol order, defendant offered plaintiffs a two-year residential lease in accordance with the regulatory requirements specified in the decontrol order. In January 1985, plaintiffs executed and returned the lease with material alterations including an unauthorized professional use provision. Defendant refused to accept this modification and thus, the lease was never executed by both parties. For the next three years, however, plaintiffs remained in the apartment,

and used it primarily for professional purposes until Marvin Linick's license to practice medicine was revoked in May 1987. During this period, plaintiffs paid a monthly rental of $408.40 (the old rental under the 1964 lease).

In October 1987, defendant served plaintiffs with written notice that their tenancy was being terminated, effective November 30, 1987. On or about December 3, 1987, plaintiffs commenced an action seeking, *inter alia,* to enjoin defendant from enforcing the decontrol order. Annexed to plaintiffs' papers was a letter, dated October 14, 1987, addressed to the Commissioner of the DHCR from plaintiffs' attorney, requesting that the proceedings involving the 1981 decontrol order be reopened on the grounds that "a factual error [was] made in the protest order and opinion", that defendant failed to comply with the conditions of the decontrol order, and that a "change of circumstances" warranted reversal of the order.

On January 27, 1988, the Administrative Review Board of the DHCR responded to plaintiffs' request to reopen administrative proceedings, stating, *inter alia,* that "[t]he 'factual error' you alleged occurred in the proceedings would not be sufficient grounds for reopening since the Courts have held that 'mere mistake' would not provide legal justification for administrative reconsideration. Neither would the landlord's non-compliance with the order nor a subsequent change of circumstances."

In a memorandum decision dated April 18, 1988, the court below granted plaintiffs' application for a preliminary injunction and for a stay of the implementation of the 1981 decontrol order, concluding that "[t]he courts should defer to the administrative agency, particularly where the interpretation of the agency's decontrol order (or the method of compliance with that order) is in issue."

Upon a review of the record, we find that the IAS Justice erred in enjoining defendant from evicting plaintiffs and in deferring the matter to the DHCR for further administrative proceedings.

Neither defendant nor plaintiffs commenced a CPLR article 78 proceeding to review the November 24, 1984 order affirming the 1981 decontrol order. Thus, the 1984 administrative order become final and binding upon expiration of the 30-day period of limitation for commencing an article 78 proceeding then in effect under [Administrative Code of the City of New York] section Y51-9.0 of the New York City Rent and Rehabilitation Law (recodified as [Administrative Code] section 26-411 of the New York City Rent and Rehabilitation Law).

Nor may the November 24, 1984 order be modified, superseded or revoked under section 103 of the New York City Rent and Eviction Regulations then in force (recodified as 9 NYCRR 2208.13), since the requisites thereof have not been met by plaintiffs. The regulation requires that a reopening take place prior to the time an article 78 proceeding must be commenced and that there be a showing of "illegality, irregularity in vital matters, or fraud." (9 NYCRR 2208.13 [a].) Plaintiffs' application for reconsideration and reopening of the administrative proceedings, however, was made nearly three years after the Statute of Limitations governing the commencement of an article 78 proceeding had expired. Further, that application contained neither an allegation nor a factual demonstration that the decontrol order was a result of "illegality, irregularity in vital matters, or fraud." As such, plaintiffs' application was not only untimely, it also failed, as previously noted by the agency, to offer any legally cognizable ground for reopening administrative proceedings. (See, Matter of Melohn v Joy, 60 AD2d 579, 580; Luchetti v Office of Rent Control, 49 AD2d 532.)

In that regard, we note that plaintiffs' claim that they continue to be rent-controlled tenants because defendant allegedly failed to comply with the 1981 decontrol order is entirely without merit. The decontrol order is clear, to wit, in order to decontrol the apartment, defendant had to offer plaintiffs a lease in compliance with section 2 (f) (15) of the New York City Rent and Eviction Regulations, which expressly provides for the issuance of a residential lease. The record clearly establishes that defendant unequivocally satisfied the requirements of the decontrol order. Therefore, a refusal to execute a nonconforming lease did not vitiate or extend plaintiffs' term.

Finally, in view of the protracted history of this case, we are persuaded that the lower court improvidently chose to defer to the administrative agency on the question of the regulatory status of the apartment. It is well settled that the civil courts are competent to decide questions relating to a premises' regulatory status. (See, 520 E. 81st St. Assocs. v Lenox Hill Hosp., 38 NY2d 525; Swift v 130 W. 57th Corp., 26 NY2d 714, 716; Walsh v Somerville, 75 AD2d 511, 512.) Thus, in the absence of compelling circumstances, final resolution of a dispute should not be delayed in favor of often-extended administrative proceedings when an issue is properly within the court's jurisdiction and capacity to decide. (See, Cannon v Pacheco [App Term, 1st Dept], NYLJ, Mar. 11, 1987, at 6, col 2.)

Accordingly, the order granting plaintiffs' motion for a preliminary injunction and for a stay of the implementation of the 1981 decontrol order is unanimously reversed. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.