2363 ACP Pineapple, LLC Petitioner-Landlord-Appellant 
against
Iris House, Inc., Respondent-Tenant-Respondent, -and- "John Doe" and "Jane Doe," Respondent-Undertenants.



Landlord appeals from an order of the Civil Court of City of New York, New York County (Arlene H. Hahn, J.), dated April 16, 2015, which granted tenant's preanswer motion to dismiss consolidated holdover summary proceedings and denied landlord's cross motion for summary judgment of possession.




Per Curiam.
Order (Arlene H. Hahn, J.), dated April 16, 2015, affirmed, without costs.
Landlord is the current owner of the building located at 2363 Adam Clayton Powell Boulevard in Manhattan. Iris House, Inc., is the tenant of record of apartments 2D, 3F, 3H and 5B in the building. In June 2012, landlord's predecessor served identically-worded nonrenewal (Golub) notices upon tenant alleging, inter alia, that the apartments at issue were not subject to rent stabilization because they were "rented to a corporate business tenant not as their primary residence." Civil Court dismissed the prior proceedings on the ground that the notices misstated that the apartments were exempt from rent regulation and otherwise contained no facts about the occupants of the apartments. We affirmed on the ground that "the notices were devoid of facts tending to support the stated ground for eviction . . . and misrepresented the rent regulatory status of the apartments at issue" (see 2363 ACP Pineapple, LLC v Iris House, Inc., 43 Misc 3d 136[A], 2014 NY Slip Op 50692[U] [App Term, 1st Dept 2014]).
Several months later, landlord commenced the instant consolidated holdover proceedings against tenant seeking to recover the same four apartments. Landlord's 30-day notices and petitions alleged that the apartments at issue are not subject to rent stabilization because the apartments were "rented to you, a corporation and an institution operated for charitable purposes on a non-profit basis, for occupancy by persons affiliated with your institution."
We agree with the motion court that these proceedings should be dismissed, albeit on [*2]grounds different from those stated. The Court should not have dismissed the proceedings on res judicata grounds, since the dismissal of landlord's prior nonprimary residence proceedings was based on deficiencies in the nonrenewal (Golub) notices (see 2363 ACP Pineapple, LLC v Iris House, Inc., supra) and was "not on the merits" of whether the subject premises were exempt from rent regulation because tenant is a charitable institution and the apartments are occupied by persons affiliated with tenant (Komolov v Segal, 96 AD3d 513, 513 [2012]; see Rent Stabilization Code [9 NYCRR] § 2520.11[f]).
However, we agree with tenant's alternative argument that RSC § 2520.11(f), the specific exemption from Rent Stabilization claimed by landlord, has no application to the eviction relief sought by landlord in the holdover petitions. RSC § 2520.11(f) exempts from rent stabilization:
"housing accommodations owned, operated, or leased or rented pursuant to governmental funding, by a hospital, convent, monastery, asylum, public institution, or college or school dormitory or any institution operated exclusively for charitable or educational purposes on a nonprofit basis, and occupied by a tenant whose initial occupancy is contingent upon an affiliation with such institution; however, a housing accommodation occupied by a nonaffiliated tenant shall be subject to the RSL and this Code."
This exemption was intended to exempt from rent stabilization accommodations run by charitable and educational institutions whose needs were furthered by having access to unregulated housing in order to house staff or students, as long as those tenants' affiliation with those institutions remained in effect (see Manocherian v Lenox Hill Hosp., 84 NY2d 385, 390-391 [1994]). The exemption was not intended to allow a for-profit landlord to evict an educational or charitable institution. As the Court of Appeals noted in analogous circumstances, the exemption "refers to accommodations provided, that is, let, by a [charitable or educational institution] as landlord or sublandlord in relation to its tenants or subtenants, and not to [said institution] as tenant or subtenant in relation to a real estate entrepreneur landlord or sublandlord" (520 E. 81st St. Assoc. v Lenox Hill Hosp., 38 NY2d 525, 528 [1976]; see Melohn v The New York Province of Socy. of Jesus, NYLJ, March 27, 1989, at 25, col 4 [Civ Ct, NY Co 1989]). Thus, RSC § 2520.11(f) is irrelevant to the eviction relief sought by landlord in the holdover petitions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
5-
Decision Date: February 22, 2017