Matter of LL 410 E. 78th St. LLC v Division of Hous. & Community Renewal (2023 NY Slip Op 00954)

Matter of LL 410 E. 78th St. LLC v Division of Hous. & Community Renewal

2023 NY Slip Op 00954

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Index No. 159153/21 Appeal No. 17382 Case No. 2022-01875 

[*1]In the Matter of LL 410 East 78th Street LLC, Petitioner-Appellant,
v
Division of Housing and Community Renewal, Respondent-Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (Patrick K. Munson of counsel), for appellant.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Sheldon D. Melnitsky of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Laurence Love, J.), entered April 7, 2022, denying the petition to annul the determination of respondent Division of Housing and Community Renewal (DHCR), dated August 11, 2021, which denied petitioner's request to amend the 2016 and 2017 rent registrations for the subject apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
There was a rational basis for DHCR's determination to deny petitioner's request to amend the 2016 and 2017 apartment registrations, and thus the determination was not arbitrary and capricious (CPLR 7803[3]; see Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y. , 94 AD2d 614, 616-617 [1st Dept 1983], affd 62 NY2d 763 [1984]). The Rent Stabilization Law (Administrative Code of City of NY) § 26-517 provides for the filing of annual rent registration statements, but does not provide procedures to amend those registrations. The Rent Stabilization Code (9 NYCRR) § 2528.3 provides the procedures for annual apartment registrations, including amendments to those registrations. However, the Rent Stabilization Code does not provide specific guidance for the rent administrator in deciding whether to grant or deny a particular rent registration amendment application.
DHCR notes that it oversees nearly one million apartments subject to rent stabilization, each of which must be registered annually, and thus it relies on unilaterally filed, unverified registrations by apartment owners. As to petitioner's 2016 and 2017 rent registrations, DHCR contends that, "[w]hile [petitioner] characterizes these registrations as inadvertent clerical errors because of [the] fundamental inconsistency [with earlier registrations], and seeks to wipe them clean from the record, it must be remembered that the 2002 registration [claiming permanent high rent deregulation] was nothing more or less than a unilateral representation" as well. Here, subsequent amendments to earlier rent registrations, while there is not a rent-paying tenant in occupancy who would be put on notice of the changes, could detract from the legitimacy of the registrations.
DHCR notes that, prior to a 2014 amendment, owners were permitted to freely amend the rent registrations retroactively. However, it contends that "[t]he number of such amendments was significant," and the unverified "inclusion of amendments in [its] rent registration database had the effect of corrupting the purpose of that database as a contemporaneously created history of rents."
Based on the foregoing, DHCR's interpretation of the applicable Rent Stabilization Code provisions was rational and reasonable, and therefore must be upheld (see Matter of Howard v Wyman , 28 NY2d 434, 438 [1971]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023